IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL WESLEY,                          )
                                        )   Civil Action No. 10 - 1194
                        Plaintiff,      )   District Judge Joy Flowers Conti
                                        )   Magistrate Judge Lisa Pupo Lenihan
            v.                          )
                                        )
BOBBY FINLEY, Owner of Phases II        )
                                        )
                        Defendant.      )


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.      RECOMMENDATION

        It is respectfully recommended that the Complaint be dismissed with prejudice in accordance

with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915(e)(2)(B).

II.     REPORT

        Plaintiff, Daniel Wesley, a Pennsylvania prisoner presently confined at the State Correctional

Institution at Coal Township, Pennsylvania, commenced this civil rights action against Bobby Finley

alleging violations of his Eighth and Fourteenth Amendments.  For the reasons that follow, the

Complaint should be dismissed for failure to state a claim upon which relief may be granted under

42 U.S.C. § 1983.

A. Standard of Review

        In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996),

Congress adopted major changes affecting federal actions brought by prisoners in an effort to curb

the increasing number of frivolous and harassing law suits brought by persons in custody.  The

authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims in that

Act is applicable to this case.

Specifically, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action (ECF No. 3). Thus his allegations must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B).

In reviewing complaints under 28 U.S.C. § 1915(e)(2)(B), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 127 S. Ct. 1955, 1974 (May 21, 2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## B. Liability under 42 U.S.C. § 1983

In Plaintiff's complaint he states that Defendant Finley is the owner of "Phase II"[1] and borrowed $20,000 from Plaintiff, which he refuses to return. Plaintiff seeks recovery in this action under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). Plaintiff's action fails to meet either of these requirements.

1.    Color of State Law

A person raising a civil rights claim for damages under section 1983 first must demonstrate that the defendant is a person acting under color of state law, *i.e.*, a state actor. If the record does not reflect that the defendant acted under color of state law when engaged in the alleged misconduct, a civil rights claim under section 1983 fails as a matter of jurisdiction, Polk County v. Dodson, 454 U.S. 312, 315 (1981), and there is no need to determine whether a federal right has been violated. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). The "under color of state law" requirement of Section 1983 is treated the same as the "state-action" requirement of the Fourteenth Amendment. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). In Lugar, the Court noted the importance of the "state-action" requirement for alleging a Section 1983

---

[1]The complaint does not identify what Phase II is, other than to say that the money loaned was for remodeling.

claim.

> As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments (citation omitted).'... Careful adherence to the 'state-action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power.

Lugar, 457 U.S. at 936.  The purpose of the state-action requirement is "to assure that constitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains."  Blum v. Yaretsky, 457 U.S. 991, 1004 (1982) (emphasis added).  If defendant did not act under color of state law, then there is no basis for jurisdiction under Section 1983.  Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).

State-action is manifest if "there is a sufficiently close nexus between the State and the challenged action of [the private party] ... so that the action of the latter may be fairly treated as that of the State itself."  Mark v. Borough of Hatboro, 51 F.3d 1137, 1142 (3d Cir.), cert. denied, 116 S.Ct. 165 (1995), quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)(internal citation omitted).  Three separate tests are used, depending on the circumstances of each case, to determine whether state action exists.  The tests are:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state;
>
> (2) whether the private entity has acted with the help of or in concert with state officials; and
>
> (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the alleged misconduct.

Mark v. Borough of Hatboro, 51 F.3d 1137, 1142 (3d Cir. 1995).

Plaintiff has not made any allegation that Bobby Finley is a state actor for purposes of imposing liability under 42 U.S.C. § 1983.  Moreover, his bald claim of conspiracy, without identifying any other defendant who may have acted under color of state law, fails to state a claim. In this respect, a claim of conspiracy must be based upon factual allegations that demonstrate collusion or concerted action among the alleged co-conspirators.  Young v. Kann, 926 F.2d 1396, 1405, n. 16 (3d Cir. 1991), later proceeding, Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992).  Specifically, the allegations must address "the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspiracy taken to achieve that purpose . . . " Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989) (quoting Kalmanovitz v. G. Heileman Brewing Co., Inc., 595 F. Supp. 1385, 1401 (D. Del. 1984).  Although the Supreme Court held in Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993), that the allegations in a Section 1983 complaint cannot be held to a standard of heighten specificity, a complaint alleging a conspiracy must nonetheless "flesh out in some detail the nature of the scheme." Loftus v. Southeastern Pennsylvania Transportation Authority, 843 F. Supp. 981, 988 (E.D.Pa. 1994).       Here, Plaintiff has failed to allege any facts showing collusive action between Defendant Bobby Finley and any other person.  Absent allegations that Defendant participated in a conspiracy with a person who acted under color of state law, Plaintiff cannot meet the state-action requirement enunciated in the second and third test set forth in Mark, which both require concerted or joint action between the state and the defendant.  To show state-action under the first test in Mark, the Plaintiff must show that Defendant Bobby Finley exercised power which is the exclusive perogative of the state.  Mark, 51 F.3d at 1142.  Courts have rarely found this exclusive public function test to be satisfied. Id.

Plaintiff has failed to allege any facts to demonstrate that Defendant Bobby Finley meets the state-action requirement for a Section 1983 cause of action. Thus, he has failed to make the first showing necessary to state a claim under 42 U.S.C. § 1983.

2.    Constitutional Violation

Nor has Plaintiff met the second requirement for alleging a cause of action under 42 U.S.C. § 1983. Specifically, his Complaint makes no allegation (aside from his bald statement) that Defendant deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Specifically, his Complaint merely alleges that contract dispute in that Defendant deliberately withheld money he allegedly borrowed from Plaintiff to remodel Phases II. Such allegations do not set forth a cause of action under either the Eighth or Fourteenth Amendment. Thus, he has failed to make the second showing necessary to state a claim under 42 U.S.C. § 1983.

Consequently, Plaintiff's Complaint should be dismissed.

III.    CONCLUSION

It is respectfully recommended that the Complaint be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915(e)(2)(B).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

October 22, 2010

                       Lisa Pupo Lenihan
                       U.S. Magistrate Judge

cc:    Daniel Wesley
       GB - 0430
       S.C.I. Coal Township
       1 Kelley Drive
       Coal Township, PA  17866 - 1021